## No. ——

### First Circuit

---

## SARRETT v. GLOBE INDEMNITY CO.

---

(May 3, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Evidence—Par. 211, 349.**

Where the written contract shows A, the contractor to build a highway, and B, the bondsman under that contract, the presumption is that these documents represent the truth, and in the absence of positive evidence to the contrary they will be considered as representing the truth.

2. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court on matters of fact, where clearly correct, is affirmed.

Appeal from the Parish of East Baton Rouge. Hon. W. Carruth Jones, Judge.

Action by W. V. Sarrett, et al., against Globe Indemnity Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Shelby Taylor, Moise Thibodeaux, Cross & Moyse, of Baton Rouge, attorneys for plaintiff, appellee.

Taylor, Porter, Loret & Brooks, of Baton Rouge, attorneys for defendant, appellant.

LECHE, J. G. R. White entered into a contract with the Louisiana Highway Commission to build part of the Baton Rouge-Greensburg Highway, entitled by the Commission as Project No. 401. White, as said in common parlance, fell on the job, was unable to complete the contract, and the project was carried out and finished by the Globe Indemnity Company, surety on his bond under the contract.

W. V. Sarrett, the plaintiff, having performed part of the work, recorded his lien, and he herein sues to recover compensation for his labor. In his original petition he was joined by his wife and he claimed, for himself and wife, some twenty-seven hundred dollars, but for reasons, not neces-

sary to mention here, the amount now involved was reduced to six hundred dollars, which he claims for services as foreman on the work.

The defense is that Sarrett was in reality a silent partner of G. R. White, and defendant reconvenes for the sum of three thousand three hundred and thirty dollars, one-half of the amount which it was compelled to expend in order to complete the work undertaken by White in his contract with the Highway Commission.

The District Court rendered judgment in favor of Sarrett and against the Globe Indemnity Company for six hundred dollars, and the Globe Indemnity Company has appealed.

The only direct testimony in regard to Sarrett's connection with White is that of Sarrett himself and of J. F. Rutledge, a local agent of the defendant at Baton Rouge. There is an irreconcilable conflict between these two witnesses, for they openly contradict one another. Rutledge says that Sarrett and White agreed in his presence and that of a Mr. Thompson, also connected with the defendant company, that Sarrett would get fifty per cent of the profits under the contract. He says the reason why Sarrett's name did not appear was because the teams which Sarrett was to use in performing the work belonged to Mrs. Sarrett. This is directly denied by Sarrett. Unfortunately the court has not been favored with the testimony, either of

Thompson or of White. As a matter of fact, it is shown by other witnesses that, while the work was progressing, Sarrett acted merely as a foreman and that he never exercised the authority of a contractor in the employment or discharge of laborers, in fixing wages or in disbursing the funds used in paying expenses of the work. It is also true, however, that Sarrett does not claim that White ever agreed to pay him any fixed compensation. Sarrett says that White did at one time approach him with a view of forming a partnership, but that such an agreement was never consummated. He says that White always deferred arrangements for his compensation, and his claim is based entirely on a quantum meruit. It may be, though it does not clearly appear from the record, that White led defendant's agents to believe that Sarrett was his partner. It may have been to his interest to do so, but the evidence is not sufficient to justify the conclusion that Sarrett ever induced the agents of defendant to believe that he was in partnership with White, or that he ever held himself out as such. The fact remains that the contract was in the name of White, that the bond was signed for the benefit of White, and the presumption that these documents represent the truth has not been overcome by the evidence offered and introduced by defendant.

The issue is one of fact and we find no error in the conclusion reached by the trial judge.